

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RUSSELL W. ODEN,

    Petitioner,

v.                                               Civil Action No. **3:09CV101**

GENE M. JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Russell W. Oden, ("Petitioner"), a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that, *inter alia*, the petition is barred by the one-year statute of limitations governing federal habeas petitions. The matter is ripe for disposition.

## I. PROCEDURAL HISTORY

Petitioner was convicted in the Circuit Court for the County of Gloucester of possession of a firearm by a convicted felon. The Circuit Court sentenced Petitioner to five years of imprisonment with three years suspended for ten years. The Circuit Court entered final judgment with respect to the above conviction and sentence on September 22, 2004. Petitioner did not appeal.[1]

On September 23, 2008, Petitioner filed a petition for a writ of habeas with the Supreme Court of Virginia. On November 7, 2008, the Supreme Court of Virginia denied the petition on the grounds that it was not filed within the time required by section 8.01-654(A)(2) of the

---

[1] On August 6, 2007, the Circuit Court revoked a portion of Petitioner's suspended sentence and imposed a term of imprisonment of one year and six months. Petitioner does not challenge that revocation in this § 2254 petition.

Virginia Code. On February 12, 2009, Petitioner filed his present 28 U.S.C. § 2254 petition with this Court.

## II. LIMITATIONS PERIOD FOR FEDERAL HABEAS RELIEF

Petitioner's petition for a writ of habeas corpus is subject to a one-year statute of limitations. Specifically, the pertinent statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. ANALYSIS

Petitioner's conviction became final, as that term is defined in 28 U.S.C. § 2244(d)(1)(A), on October 22, 2004, the last date to pursue a direct appeal to the Supreme Court of Virginia. *See Clay v. United States*, 537 U.S. 522, 527 (2003); Va. Sup. Ct. R. 5:14 (Michie 2004). Thus, Petitioner was required to file his federal petition for a writ of habeas corpus by Monday, October 24, 2005. Petitioner did not file any petition for a writ of habeas corpus, state or federal, by that date. Hence, the present action is barred by the statute of limitation unless Petitioner is entitled to a belated commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(B)-(D) or

equitable tolling of the limitation period. Petitioner has not demonstrated that he is entitled to a belated commencement of the limitation period or equitable tolling. Accordingly, the motion to dismiss (Docket No. 6) will be GRANTED. The petition for a writ of habeas corpus will be DENIED. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

|  | /s/ |
| --- | --- |
|  | Richard L. Williams |
|  | United States District Judge |

Date: NOV - 4 2009
Richmond, Virginia